RICK L. SHACKELFORD (SBN 151262)
HANNAH SHANKS-PARKIN (SBN305753)
GREENBERG TRAURIG, LLP
1840 Century Park East, Suite 1900
Los Angeles, CA  90067
Tel: (310) 586-7700; Fax: (310) 586-7800
E-mail: *ShackelfordR@gtlaw.com*
         *ShanksparkinH@gtlaw.com*

Attorneys for Defendant,
CVS Pharmacy, Inc.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIELLE LOKEY, individually and on behalf of a class of similarly situated individuals,<br><br>    Plaintiff,<br><br>v.<br><br>CVS PHARMACY, INC.; and DOES 1 through 50, inclusive,<br><br>    Defendant. | Case No. 20-CV-4782-LB<br><br>*Hon. Laurel Beeler*<br><br>**DEFENDANT CVS PHARMACY, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>[Proposed Order Filed Concurrently]<br><br>Date:   January 21, 2021<br>Time:   9:30 a.m.<br>Ctrm:   B – 15th Floor<br><br>Removal Date:   July 16, 2020<br>FAC Filed:      December 4, 2020<br>Trial Date:     None Set |

## **TABLE OF CONTENTS**

NOTICE OF MOTION AND MOTION TO DISMISS ............................................................... 1

STATEMENT OF RELIEF SOUGHT ...................................................................................... 1

MEMORANDUM OF POINTS AND AUTHORITIES .......................................................... 1

I.     INTRODUCTION ........................................................................................................... 1

II.    FACTUAL BACKGROUND ......................................................................................... 2

       A.     Plaintiff's Allegations ........................................................................................ 2

III.   LEGAL STANDARD ..................................................................................................... 5

IV.   ARGUMENT .................................................................................................................. 5

       A.     Plaintiff Still Fails to Allege that a Reasonable Consumer Would Be Deceived By the Infants' Product. ........................................................................................... 5

              1.     Plaintiff added nothing to show that any reasonable consumer would be deceived by the label for the Infants' Product. .......................................... 6

              2.     Plaintiff's claims still fail because, absent any viable allegation of deception, Plaintiff is left only with a non-cognizable pricing claim. .................... 9

       B.     The FAC Also Fails to Allege that Plaintiff Has Standing. ............................................. 11

V.    CONCLUSION ............................................................................................................... 12

# TABLE OF AUTHORITIES

**Federal Cases**

*Andrews v. Plains All Am. Pipeline, L.P.*,
   No. CV 15-4113 PSG (JEMx), 2017 WL 10543401 (C.D. Cal. Aug. 25, 2017) ....................12

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007)..........................................................................................................5

*Bird v. First Alert, Inc.*,
   No. C 14-3585 PJH, 2014 WL 7248734 (N.D. Cal. Dec. 19, 2014) ......................................11

*Boris v. Wal-Mart Stores, Inc.*,
   35 F. Supp. 3d 1163 (C.D. Cal. 2014) .......................................................2, 6, 7, 8, 9, 10, 11

*Brod v. Sioux Honey Ass'n, Coop.*,
   927 F. Supp. 2d 811 (N.D. Cal. 2013) ................................................................................8

*Chuang v. Dr. Pepper Snapple Grp., Inc.*,
   No. CV1701875-MWF-MRWx, 2017 WL 4286577 (C.D. Cal. Sept. 20, 2017).....................8

*Davidson v. Kimberly-Clark Corp.*,
   889 F.3d 956 (9th Cir. 2018) ............................................................................................11

*Dinan v. Sandisk LLC*,
   No. 18-CV-05420-BLF, 2019 WL 2327923 (N.D. Cal. May 31, 2019) .................................8

*Giovanni v. Bank of Am., Nat'l Ass'n*,
   No. C 12-02530 LB, 2012 WL 6599681 (N.D. Cal. Dec. 18, 2012).......................................5

*Levay v. AARP, Inc.*,
   No. 17-09041 DDP, 2018 WL 5794456 (C.D. Cal. Nov. 2, 2018) ........................................11

*McGee v. S-L Snacks Nat'l*,
   No. 17-55577, 2020 WL 7087008 (9th Cir. Dec. 4, 2020)......................................................12

*Mullins v. Premier Nutrition Corp.*,
   178 F. Supp. 3d 867 (N.D. Cal. 2016) ................................................................................7

*Philips v. Ford Motor Co.*,
   No. 14-CV-02989-LHK, 2015 WL 4111448 (N.D. Cal. July 7, 2015)..................................11

*Reddy v. Litton Indus. Inc.*,
   912 F.2d 291 (9th Cir. 1990) ..............................................................................................7

*Rodriguez v. Sony Computer Entm't Am., LLC*,
   801 F.3d 1045 (9th Cir. 2015) ............................................................................................6

*Rony Elkies v. Johnson & Johnson Servs, Inc.*,
   No. 17-cv-07320-GW, Dkt. 53 (C.D. Cal. Feb. 22, 2018) .....................................................7

*Sonner v. Premier Nutrition Corp.*,
   962 F.3d 1072 (9th Cir. 2020) ...........................................................................................11

*Sprewell v. Golden State Warriors*,
   266 F.3d 979 (9th Cir.) .......................................................................................................4

*U.S. v. Corinthian Colls.*,
    655 F.3d 984 (9th Cir. 2011) ..................................................................................................7

*Youngblood v. CVS Pharmacy Inc.*,
    No. 2:20-cv-06251-MCS-MRW, Dkt. 31 (C.D. Cal. Oct. 15, 2020) ........................................7

**State Cases**

*Lazar v. Hertz Corp.*,
    69 Cal. App. 4th 1494 (1999) ...............................................................................................11

**Rules**

Fed. R. Civ. P. 12(b)(6)..................................................................................................................1

**NOTICE OF MOTION AND MOTION TO DISMISS**

PLEASE TAKE NOTICE THAT on January 21, 2021 at 9:30 a.m. in Courtroom B, 15th Floor of the above-captioned Court, defendant CVS Pharmacy Inc. ("CVS"), will and hereby does move to dismiss Plaintiff Danielle Lokey's ("Plaintiff") First Amended Complaint ("FAC") pursuant to Fed. R. Civ. P. 12(b)(6) with prejudice for failure to state a claim.

This Motion is based on this notice, the following memorandum of points and authorities, the accompanying Request for Judicial Notice and exhibits, and any other matters the Court may properly consider.

**STATEMENT OF RELIEF SOUGHT**

CVS seeks an order pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss the FAC for failure to state a claim on which relief can be granted, because Plaintiff's interpretation of the packaging of CVS's Infants' acetaminophen product is unreasonable as a matter of law.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    INTRODUCTION**

Plaintiff has not cured the defects that led the Court to dismiss her prior complaint. The FAC still reflects that the front label disclosed that the medicine in the Infants' and Children's Products were the same. (Dkt. 36 (Order dismissing complaint) at 8.) Nor does the FAC challenge the efficacy of the product. (Dkt. 36 at 10.) At its core, Plaintiff's theory is still that the label for the Infants' Product caused her to (erroneously) believe that it contained a differently formulated composition of medicine because of the word "infants" and the picture on the front of the label. And, Plaintiff's only alleged "harm" is still that she paid what she now claims was too high a price for the Infants' Product, which includes a different dosing device from the Children's—again, as disclosed on the label But the Court already dismissed Plaintiff's original complaint because "the labels would not deceive a reasonable consumer," and "plaintiff's subjective belief of deception fails the reasonable-consumer test." (Dkt. 36 at 2, 9.) As the Court held:

> The labels here are not deceptive. The front label shows that the medicines are compositionally the same. The products have different devices to deliver the doses (a syringe for infants and a cup for children), also displayed on the front label. The pictures (a child of indeterminate age on the infants' label and an older child on the children's label)

or the dosing instructions do not plausibly suggest different formulations, given the front-label representations about the composition of the medicines.

(Dkt. 36 at 8-9.) And without any plausible deception alleged, the Court held that "plaintiff's challenge to the differential pricing" failed under *Boris v. Wal-Mart Stores, Inc.*, 35 F. Supp. 3d 1163 (C.D. Cal. 2014). (Dkt. 36 at 9.)

Plaintiff's FAC does not cure these critical deficiencies (and cannot). Instead, the label for the Infants' Product still shows that the medicine in it is compositionally the same as in the CVS Children's Pain & Fever acetaminophen product (the "Children's Product"). (FAC ¶¶ 29, 32; *see also* Dkt. 11, Exs. 1 and 2.) The front of the labels also clearly shows that the two products have different dosing devices—namely, a syringe for the Infants' Product and a cup for the Children's Product. (FAC ¶¶ 29, 32; *see also* Dkt. 11, Exs. 1 and 2.) As the Court already held, no reasonable consumer could be deceived by the pictures on the labels. (Dkt. 36 at 8-9.) Nothing Plaintiff has alleged can change these inescapable facts. Because she cannot change the label, Plaintiff's FAC instead repackages the same unreasonable, subjective interpretation that the Court already rejected. Plaintiff now alleges that the Infants' Product is deceptive simply because the Children's Product exists (FAC ¶ 32)—a nonsensical allegation considering the Children's Product label discloses that the medicine is compositionally the same as the medicine in the Infants' Product (Dkt. 36 at 8-9; *see also* FAC ¶¶ 29, 32; Dkt. 11, Exs. 1 and 2). Plaintiff is again left without any plausible deception, leaving her only with her pricing allegations. And as this Court already held, any pricing difference claim is non-justiciable under *Boris*. (Dkt. 36 at 9.)

Finally, not only does Plaintiff's FAC fail to allege any facts sufficient to satisfy the reasonable consumer test (and thus also fails under *Boris*)—as the Court previously held—but the FAC fails to allege standing.

Dismissal with prejudice is now warranted.

## II.     FACTUAL BACKGROUND

A. **Plaintiff's Allegations**

The Infants' and Children's products are both sold throughout California at CVS locations and online. The packages for each product, which contain important information, both for consumers and for the Court in deciding this motion, have not changed from the package images provided to, and accepted

by, this Court in CVS's original Request for Judicial Notice. (*See* Dkt. 11, Exs. 1 and 2.) As the Court can see, Plaintiff still relies on the same packages that she relied on in her original complaint—which the Court dismissed:

 

First, the front labels still clearly identify the identical active ingredient and concentration. These front-of-pack disclosures are consistent with the active and inactive ingredients detailed on the back of the packages. Second, both products still contain dosing instructions. The Infants' Product has an image of a dosing syringe on the front, and states to "Use only with enclosed syringe." (FAC ¶ 29; Dkt. 11, Ex. 1.) In contrast, the Children's Product has an image of a dosing cup. (FAC ¶ 32; Dkt. 11, Ex. 1.) Third, the Infants' Product still does not contain any information to suggest that the medicine inside—as opposed to the dosing syringe—is specially formulated for children under age two. Instead, both the Infants' and Children's Products direct caregivers to "ask a doctor" regarding dosing amounts for children younger than age two. (Dkt. 11, Exs. 1 and 2.)

Plaintiff continues to allege that CVS did not "disclose[] to Plaintiff that the medicine in Infants' acetaminophen is identical to the medicine in Children's acetaminophen and that the lower-priced

Children's acetaminophen is as suitable and safe for use by infants as Infants' acetaminophen is, Plaintiff would not have purchased the far-more-expensive Infants' acetaminophen." (FAC ¶ 80.)[1] But nothing about the packages has changed and the packaging for the Infants' and Children's Products still prominently disclose that the active ingredient in the two Products is identical; the Drug Facts on the side panels for the two Products are also identical, and confirm the front panel's description of the active ingredient and its concentration. (FAC ¶¶ 39, 32; Dkt. 11, Exs. 1 and 2.) This Court need not accept as true allegations in the FAC that are directly contradicted by the packaging included in the FAC. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir.), *opinion amended on denial of reh'g,* 275 F.3d 1187 (9th Cir. 2001). For the same reason, this Court need not credit Plaintiff's allegation that there is anything about the Infant's Product to suggest it is somehow "specially formulated for or has unique qualities that make it better suited for young infants." (FAC ¶ 5.)

The FAC otherwise provides almost no information about Plaintiff Danielle Lokey. Instead, the FAC only vaguely alleges that Plaintiff "had reason to purchase Defendant's Infants' liquid acetaminophen products on several occasions between April 2016 and the present." (FAC ¶ 42.) Plaintiff also does not identify any specific content of the Infants' Product package that led her to conclude that the medicine, as opposed to the dosing syringe pictured on the front of the package, was "better suited for infants." (FAC ¶ 25.) Plaintiff otherwise does not allege that the Infants' Product did not work as expected. And, indeed, it is reasonable to assume that it *did* work, given her multiple purchases over a four-year period. (FAC ¶ 42.)

With so much unchanged (and unchangeable), it is fair to ask what is different in the FAC. The answer is simple. Plaintiff could not cure her factual inadequacies, nor make her facially unreasonable beliefs reasonable. So, instead, she "amended" her complaint principally by cutting and pasting from the *Youngblood* case (discussed *infra*), along with the tacit encouragement that this Court should fall in line with the ruling in *Youngblood* and permit the claims to go forward. That invitation should be rejected.

---

[1] Plaintiff amends the allegation only to insert two allegations that the Products do not disclose that "the medicine in" them is identical. (FAC ¶ 80.) Again, this Court already recognized that the labels do disclose "that the medicines are compositionally the same," and the amendment does not help Plaintiff. (Dkt. 36 at 8.)

### III. LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Giovanni v. Bank of Am., Nat'l Ass'n*, No. C 12-02530 LB, 2012 WL 6599681, at *3 (N.D. Cal. Dec. 18, 2012) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). Although a court must accept the plaintiff's allegations as true, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Giovanni*, 2012 WL 6599681, at *3 (internal quotation marks omitted) (quoting *Twombly*, 550 U.S. at 555).

### IV. ARGUMENT

#### A. Plaintiff Still Fails to Allege that a Reasonable Consumer Would Be Deceived By the Infants' Product.

The FAC still alleges that CVS violated California's False Advertising Law ("FAL"), Consumer Legal Remedies Act ("CLRA"), and Unfair Competition Law ("UCL"), when CVS allegedly failed to "disclose[] to Plaintiff that the medicine in Infants' acetaminophen is identical to the medicine in Children's acetaminophen and that the lower-priced Children's acetaminophen is as suitable and safe for use by infants as Infants' acetaminophen is." (FAC ¶ 80.) Plaintiff allegedly "seeks clear disclosures that there is no pharmacological distinction between its Infants' acetaminophen and Children's acetaminophen products and that the two products can be used interchangeably . . . ." (FAC ¶ 54.) In other words, Plaintiff is asking this Court to require certain information on the label that no legislative or regulatory body has ever required (not to mention create a monetary remedy for having failed to provide such information in the past). And this proposes a solution in search of a problem because, as this Court already held, the two Products *do* disclose that they contain the identical medicine. (Dkt. 36 at 8.) Plaintiff's allegations thus cannot avoid that this Court has already held that the label for the Infants' Product is not deceptive as a matter of law—and that label has not changed. As a result, Plaintiff is—

again—left with only a non-cognizable claim based on pricing. *See Boris*, 35 F. Supp. 3d at 1163.[2] Dismissal with prejudice is warranted.

### 1. Plaintiff added nothing to show that any reasonable consumer would be deceived by the label for the Infants' Product.

The Court previously held "that the labels here would not mislead a reasonable consumer." (Dkt. 36 at 8.) The labels themselves have not changed, and so Plaintiff's claims fail from the start. And Plaintiff alleges no new facts that could change this conclusion.

Plaintiff alleges that "the existence of Defendant's Children's acetaminophen furthers the deception." (FAC ¶ 32.) But the allegation does not help Plaintiff because the Children's Product expressly discloses that the medicine is compositionally the same as the medicine in the Infants' Product. Plaintiff also now alleges that various parenting websites caution "to 'never give a child medicine that is meant for adults.'" (*E.g.* FAC ¶ 35; *see also id.* at ¶¶ 34-38.) But these allegations are irrelevant—Plaintiff has not alleged that she was "deceived" or "misled" about whether to give her child adult or infants' acetaminophen. Plaintiff also adds allegations regarding a survey concerning Tylenol® packages. (FAC ¶ 39.) But again, the allegations are irrelevant because Plaintiff's lawsuit does not involve Tylenol®.

To these irrelevant allegations Plaintiff adds the allegation that the Infants' and Children's Products are sold in different sections of the store—as opposed to side-by-side as alleged in the original complaint. (FAC ¶¶ 19, 30, 33; *but see* Compl. ¶ 4 (alleging products sold "side-by-side").) Viewed charitably, the allegation is artful pleading designed to avoid the products' express disclosures that the medicine in them is compositionally the same and to disclaim any duty to compare the product labels. But improperly contradicting her prior allegation does nothing to change these clear disclosures. *See, e.g., Rodriguez v. Sony Computer Entm't Am., LLC*, 801 F.3d 1045, 1054 (9th Cir. 2015) (affirming dismissal of second amended complaint despite plaintiff's "subsequent attempt to thwart the statutory

---

[2] Like the Infants' and Children's Products here, the headache medicine in *Boris* was also identical. *Boris*, 35 F. Supp. 3d at 1168. Here, there are volume and dosing device differences as well, emphasizing that dismissal is again proper.

language by artfully pleading" allegations that "completely contradict[ed] the earlier pleading").³ Plaintiff also cannot use the contradictory allegation to disclaim her duty to compare the product labels. In *Boris*, the court, in dismissing plaintiffs' claims, noted that plaintiffs could have "simply compar[ed] Equate Migraine's packaging to Equate ES's packaging" to "readily ascertain[] that these drugs were identical." *See Boris*, 35 F. Supp. at 1170. As a result, plaintiffs assumptions that the products were different was insufficient to state a claim. *Id*.

Plaintiff is left with allegations apparently borrowed from the operative pleading in the out-of-district *Youngblood v. CVS Pharmacy Inc.*, No. 2:20-cv-06251-MCS-MRW, Dkt. 31 (C.D. Cal. Oct. 15, 2020) in a clear attempt to persuade this Court not to dismiss her lawsuit, presumably based on nothing more than the argument that *Youngblood* survived a motion to dismiss. (*E.g.*, FAC ¶¶ 8, 20, 29-30, 32-36, 40; *compare with Youngblood*, Dkt. 32 (Second Amended Complaint) ¶¶ 5, 26, 28-31, 33-35.) Plaintiff's opposition to this motion will also likely again rely on *Youngblood* to argue against dismissal.⁴ But the Court already found *Youngblood* distinguishable, and nothing in Plaintiff's allegations has changed to make it applicable. (Dkt. 36 at 9-10.) Specifically, the Court found *Youngblood*'s reliance on *Mullins v. Premier Nutrition Corp.*, 178 F. Supp. 3d 867, 891 (N.D. Cal. 2016) to be misplaced, because *Mullins* concerned whether there was a triable issue of fact on summary judgment as to whether a product was effective as advertised on the package. (Dkt. 36 at 10 (discussing *Mullins*).) The reasoning still applies because there still is no claim that the Infants' Product is not effective.⁵ Indeed, Plaintiff alleges that she purchased the Infants' Product multiple times. (FAC ¶ 42.)

---

³ *U.S. v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011) (explaining that an amended complaint should contain "additional allegations that are consistent with the challenged pleading and that do not contradict the allegations in the original complaint") (citation and internal quotation marks omitted); *Reddy v. Litton Indus. Inc.*, 912 F.2d 291, 297 (9th Cir. 1990) (an amended complaint "may only allege other facts consistent with the challenged pleading") (citation and internal quotation marks omitted)).

⁴ To the extent Plaintiff attempts to again rely on *Elkies. Johnson & Johnson Servs, Inc.*, No. 17-cv-07320-GW, Dkt. 53 (C.D. Cal. Feb. 22, 2018), another out-of-district opinion, this Court also rejected Plaintiff's reliance on that case because of the disclosures on the label at issue. (Dkt. 36 at 9.) The express disclosures on the Infants' Product have not changed since the Court's dismissal Order, and thus *Elkies* is still inapposite.

⁵ Simply put, the allegations copied from *Youngblood* do not change Plaintiff's core theory of deception, the plain fact that the product labels clearly disclose that the medicines in the products are identical, or that the labels disclose that the products come with different dosing devices.

Rather, Plaintiff still challenges only what Plaintiff characterizes as CVS's "deceptive and misleading advertising, marketing, packaging and sales practices" that allegedly misled consumers into believing the Infants' Product is "specially formulated." (FAC ¶ 40.) But Plaintiff's claims are still doomed because the label for the Infants' Product has not changed and still expressly discloses what Plaintiff alleges it omits. *See Dinan v. Sandisk LLC*, No. 18-CV-05420-BLF, 2019 WL 2327923, at *7 (N.D. Cal. May 31, 2019) ("What ultimately dooms Plaintiff's claims is that Defendant tells the consumer exactly what she is getting: the package actually discloses the fact that Plaintiff complains it omits[.]")

Plaintiff otherwise parrots the reasonable consumer standard via numerous cites to caselaw, as if reiterating the legal standard will supply the factual averments necessary to convert her unreasonable belief into a reasonable one. (FAC ¶¶ 43-51.) But Plaintiff's theory still boils down to a belief that she was misled because she either ignored or failed to understand the express disclosure on the principal display panel that the active ingredient in the Infants' Product was exactly the same as the active ingredient in the Children's Product. And Plaintiff cannot escape that the labels have not changed between Plaintiff's original complaint—which this Court dismissed—and the FAC. Indeed, the identified package for the Infants' Product still discloses that: (1) the active ingredient is identical to the active ingredient in the Children's Product, and (2) it comes with a special dosing syringe. (FAC ¶¶ 29, 32; Dkt. 11, Exs. 1 and 2.) As a result, Plaintiff's allegations still do not—and cannot—satisfy the "reasonable consumer" test. *See Chuang v. Dr. Pepper Snapple Grp., Inc.*, No. CV1701875-MWF-MRWx, 2017 WL 4286577, at *3 (C.D. Cal. Sept. 20, 2017) ("to state a viable claim under [the UCL, FAL, and CLRA] Plaintiffs must allege facts showing that the advertisement in question is misleading to a reasonable consumer"); *Brod v. Sioux Honey Ass'n, Coop.*, 927 F. Supp. 2d 811, 828 (N.D. Cal. 2013) ("[t]o state a valid claim under the UCL and CLRA . . . , a plaintiff must show that a reasonable consumer is likely to be deceived by the allegedly misleading statement") (internal quotation marks omitted); *see also Boris*, 35 F. Supp. 3d at 1169 ("[w]hether a statement is misleading is judged by the effect it would have on a reasonable consumer") (internal quotation marks omitted).

Plaintiff otherwise still does not allege that the Infants' Product did not work as advertised, that she did not receive what she purchased, or any misrepresentation by CVS. And Plaintiff's interpretation of the label for the Infants' Product still requires interpreting portions out of context to reach her

unreasonable conclusion that the Infants' Product is somehow "specially formulated for or has unique qualities that make it better suited for young infants." (FAC ¶ 5.) And as this Court has already held: "The labels here are not deceptive [because] [t]he front label shows that the medicines are compositionally the same [and] [t]he products have different devices to deliver the doses . . ., also displayed on the front label." (Dkt. 36 at 8.) No matter what Plaintiff alleges she cannot plead around the fact that the labels have not changed, and that, as a matter of law, those labels are not deceptive. Dismissal with prejudice is now warranted.

### 2. Plaintiff's claims still fail because, absent any viable allegation of deception, Plaintiff is left only with a non-cognizable pricing claim.

Absent any viable claim for deception, Plaintiff is left only with her theory that the price of the Infants' Product, as compared to the lower price for the Children's Product, communicates to consumers that there is something uniquely suitable about the medicine for infants and younger children. (*E.g.*, FAC ¶¶ 25, 40-41, 70, 73-74, 80-81, 95, 97, 100 (allegations regarding higher price of Infants' Product).) But this Court already held that, "[b]ecause the label is not deceptive, and the plaintiff's subjective interpretation fails the reasonable-consumer test, the plaintiff's challenge to the differential pricing fails." (Dkt. 36 at 9 (citing to *Boris*, 35 F. Supp. 3d at 1170).) Although Plaintiff now expressly disclaims any reliance on price differences as a basis for her claims (FAC ¶¶ 10 n.1, 54), this cannot avoid the allegations of the FAC and the application of *Boris* to bar her claims.[6]

*Boris* is still on point. There, the Central District rejected the plaintiff's theory "that by ***charging more*** for Equate Migraine and using the color red on its packaging, Wal-Mart deceived Plaintiffs into believing Equate Migraine was more effective than the lower-priced, green-packaged Equate ES when, in fact, both medications contain the same active ingredients in the same doses and are therefore pharmacologically identical." *Boris*, 35 F. Supp. 3d at 1168 (emphasis added). According to plaintiffs, "no reasonable consumer would pay more than $9 for Equate Migraine when he or she could pay less than $3 for Equate ES unless he or she believed Equate Migraine was more effective than Equate ES."

---

[6] Even if this Court does accept Plaintiff's disclaimer, then Plaintiff's claims still fail because she has still not satisfied the reasonable consumer test and absent that, is left with nothing.

*Id*.[7] The court dismissed plaintiffs' FAL, CLRA, and UCL "unlawful" prong claims: "Notably, Plaintiffs [did] not allege that Equate Migraine's packaging failed to accurately state the correct active ingredients and their dosages, or deny that by simply comparing Equate Migraine's packaging to Equate ES's packaging they could have readily ascertained that these drugs were identical." *Id*. at 1170. "Plaintiffs' claim requires the judiciary to make pricing decisions, such as ruling that pharmacologically identical drugs must be the same price or may have only a limited price differential, or imposing liability for differential pricing on a necessarily unpredictable case-by-case basis. [¶] To state this result is to demonstrate that it is untenable: price regulation is a political question beyond the judiciary's authority." *Id*. at 1171-72.

The FAC's new allegations do not change the fact that by substituting the "infants" in place of "migraine," and " mother holding a very young child" in place of "red," it becomes obvious that the FAC here was cut from the same cloth as the complaint in *Boris*. As in *Boris*, Plaintiff here alleges that "Defendant has created and marketed Infants' acetaminophen in a manner that deceives reasonable consumers, like Plaintiff, into believing that Infants' acetaminophen is specially formulated for babies and is the only appropriate medication for them." (FAC ¶ 9.) Plaintiff's claims still fail because they are still based entirely on Plaintiff's own incorrect assumptions about the Infants' Product based on its price and packaging—an assumption that could have been dispelled simply by looking at the entire contents of the Infants' package and/or simply comparing it to the Children's package, as in *Boris*. As a result, Plaintiff's claims still seek to have the judiciary make pricing decisions—a premise this Court has already rejected. (Dkt. 36 at 9.)

Moreover, the FAC supplies no basis for fashioning a legal requirement that the Infants' Product, sold in a smaller volume container and with a different dosing mechanism, must be sold at a price in any way comparable to the Children's Product, which comes in larger volume containers and with a different dosing device.[8] Thus, there is no legal principle that this Court could apply to fashion any

---

[7] Compare this to allegations in the FAC. For example, CVS's "representations cause consumers economic harm because CVS charges substantially more for Infants' acetaminophen – approximately two and a half times as much per ounce and sometimes more – than it does for its Children's acetaminophen." (FAC ¶ 10). To go on with other examples would belabor the point.

[8] Plaintiff also continues to ignore that under a "price per dose" comparison, her pricing complaints largely disappear.

monetary remedy in this case, because to do so would put the Court in a position of declaring the "right" price for each, or determining the maximum price that could be charged for a product that included the dosing syringe. As the Court noted in *Boris*, "California courts have consistently described price regulation as 'a question of economic policy . . . It is the Legislature's function, not ours, to determine the wisdom of economic policy. Judicial intervention in such economic issues is improper.'" 35 F. Supp. 3d at 1172 (quoting *Lazar v. Hertz Corp.*, 69 Cal. App. 4th 1494, 1509 (1999)). Reasonable minds can differ regarding whether the different features justify any retail price difference, and the market will establish a clearing price that reflects consumers' collective decision making on that point.

In sum, Plaintiff's claims still fail and dismissal with prejudice is now required.

**B.     The FAC Also Fails to Allege that Plaintiff Has Standing.**

Plaintiff's claims also fail because she has not alleged facts showing that she has standing, and dismissal is also required for these reasons.[9]

<u>First</u>, Plaintiff does not allege standing to seek injunctive relief, which requires an "'actual or imminent,' or '*certainly impending*' injury." *Levay v. AARP, Inc.*, No. 17-09041 DDP (PLAX), 2018 WL 5794456, at *3 (C.D. Cal. Nov. 2, 2018) (quoting *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 967 (9th Cir. 2018) (emphasis in original)). Plaintiff seeks injunctive relief, but has not alleged that she intends to purchase the Infants' Product in the future. Instead, Plaintiff alleges only that she purchased the Infants' Product in the past for a child who, according to Plaintiff's theory of the case, has now aged out of the Infants' Product. (FAC ¶ 42.) This is insufficient. *Levay*, 2018 WL 5794456, at *3 (holding no standing where the only plaintiff that purchased the product did not allege he would repurchase it in the future).

---

[9] Plaintiff also fails to allege that she is entitled to equitable relief, given that she has an adequate remedy at law in the form of damages under the CLRA. *See Sonner v. Premier Nutrition Corp.*, 962 F.3d 1072, 1081 (9th Cir. 2020) (plaintiff "must establish that she lacks an adequate remedy at law before securing equitable restitution for past harm under the UCL and CLRA"); *Bird v. First Alert, Inc.*, No. C 14-3585 PJH, 2014 WL 7248734, at *5-6 (N.D. Cal. Dec. 19, 2014) (dismissing UCL claim for equitable relief where plaintiff had adequate remedy at law); *Philips v. Ford Motor Co.*, No. 14-CV-02989-LHK, 2015 WL 4111448, at *16 (N.D. Cal. July 7, 2015) ("A plaintiff seeking equitable relief in California must establish that there is no adequate remedy at law available.").

<u>Second</u>, because Plaintiff has not alleged that she will purchase the Infants' Product in the future, she cannot show that an injunction against CVS would redress her alleged injury. *See Andrews v. Plains All Am. Pipeline, L.P.*, No. CV 15-4113 PSG (JEMx), 2017 WL 10543401, at *15 (C.D. Cal. Aug. 25, 2017), *on reconsideration in part on other grounds*, 2019 WL 6647930 (C.D. Cal. Nov. 20, 2019) ("standing is not conferred, where a plaintiff seeks injunctive relief and that relief would *not* remedy the alleged injury.").

<u>Third</u>, Plaintiff fails to allege injury-in-fact. *McGee v. S-L Snacks Nat'l*, No. 17-55577, 2020 WL 7087008, at *3 (9th Cir. Dec. 4, 2020). As the Ninth Circuit found in *McGee*, Plaintiff here has not alleged any economic injury under the benefit of the bargain or overpayment theories. *Id.* at *1-2. As in *McGee*, Plaintiff "may have assumed that [the Infants' Product]" was specially formulated for infants, "her assumptions were not included in the bargain, particularly given the labeling disclosure that the product contained artificial trans fat. Thus, even if those expectations were not met, she has not alleged that she was denied the benefit of her bargain." *Id.* at *4. Furthermore, as in *McGee*, Plaintiff has not alleged that CVS "made false representations—or actionable non-disclosures" or that the Infants' Product was defective. *Id.* at *5-6.

In sum, Plaintiff also fails to allege standing and dismissal is also warranted on this basis.

## V. CONCLUSION

Plaintiff has still not pleaded any viable claims. Despite having amended her original complaint, Plaintiff has not alleged facts showing that her subjective belief of deception satisfies the reasonable consume test. And nor can she, because the Product labels—which the Court found as a matter of law were not deceptive—have changed. As a result, Plaintiff is left with only non-justiciable pricing claims. Additionally, Plaintiff cannot escape the fact that she lacks standing for multiple reasons. The Court should grant this Motion and dismiss the FAC, this time with prejudice.

//
//
//
//
//

DEFENDANT CVS PHARMACY, INC.'S MOTION TO DISMISS FIRST AMENDED COMPLAINT
ACTIVE 54140182v2

|   |   |   |
|---|---|---|
| DATED:  December 18, 2020 | Respectfully submitted, |   |
|   | GREENBERG TAURIG, LLP |   |

Respectfully submitted,

DATED:  December 18, 2020              GREENBERG TRAURIG, LLP


By:    */s/ Rick L. Shackelford*
              Rick L. Shackelford
              Hannah B. Shanks-Parkin
              *Attorneys for Defendant, CVS Pharmacy, Inc.*